UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 21 2001
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF ILLINOIS, a division of HEALTH CARE SERVICE CORPORATION, A Mutual Legal Reserve Company; and BLUE CROSS AND BLUE SHIELD ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> JOSE S. CRUZ, <br><br> Defendant. | DOCKETED <br> DEC 2 6 2001 <br><br> **01C 9821** <br><br> Civil Action No. ~~JUDGE BUCKLO~~ <br><br><br> **MAGISTRATE JUDGE KEYS** |

## COMPLAINT

Plaintiffs Blue Cross and Blue Shield of Illinois, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company ("HCSC"), and the Blue Cross and Blue Shield Association ("BCBSA") bring this complaint against Defendant Jose S. Cruz and respectfully aver as follows:

### NATURE OF ACTION

Defendant is enrolled in the Service Benefit Plan, one of the federal government's health benefits plans for federal employees and their dependents. The Service Benefit Plan was created by federal government contract between the United States Office of Personnel Management ("OPM") and BCBSA, pursuant to the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914; HCSC is the Blue Cross and Blue Shield entity that administers the Service Benefit Plan in Illinois. Plaintiffs seek to recover benefits paid by HCSC for the treatment of injuries Defendant sustained in an automobile accident, because Defendant has made a recovery in connection with that



accident through settlement with another party. Plaintiffs are entitled to reimbursement under the express terms of the Service Benefit Plan's subrogation and right-of-recovery provision. Accordingly, this is an action to enforce the terms of one of the federal government's health benefits plans and to obtain the relief that those terms warrant.

The money originally paid by HCSC for such benefits came from premium funds for the Service Benefit Plan, the majority of which is contributed by the United States government and which are held in the United States Treasury. The recovery that Plaintiffs make in this case will inure to the benefit of the United States, because it will result in the return to the Treasury of money earlier expended by the United States on benefits. Accordingly, Plaintiffs' recovery in this case directly affects the United States's interests. Under BCBSA's contract with OPM, Plaintiffs are under obligation to make efforts to seek reimbursement of the United States's funds in appropriate cases where the enrollee has recovered from a third party.

## JURISDICTION

1. This action is founded on the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914, federal contracts and regulations established pursuant to FEHBA, and federal common law. It involves the Service Benefit Plan, a health benefits plan established pursuant to FEHBA. Plaintiffs' cause of action for reimbursement turns on the construction and application of FEHBA, federal contract provisions, federal regulations, and federal common law. This Court, therefore, has jurisdiction over this action pursuant to 28 U.S.C. § 1331. *See Price v. Pierce*, 823 F.2d 1114, 1119-21 (7th Cir. 1987); *Louisiana Health Service & Indemnity Co. v. Matherne*, No. 97-2993, 1997 U.S. Dist. LEXIS 20377, at *7 (E.D. La. Dec. 18, 1997); *Medcenters Healthcare, Inc.*

*v. Ochs*, 854 F. Supp. 589, 593-94 & n.3 (D. Minn. 1993), *aff'd*, 26 F.3d 865 (8th Cir. 1994); *See also Harris v. Mutual of Omaha Cos.*, 992 F.2d 706, 711 n. 1 (7th Cir. 1993).

2. The remand decision in the case earlier brought by Defendant (and other individuals not covered by the Service Benefit Plan), styled *Doyle v. Blue Cross Blue Shield of Ill.*, 149 F. Supp. 2d 427 (N.D. Ill. 2001), is no barrier to the Court's jurisdiction over this action. *See Health Cost Controls of Ill., Inc. v. Washington*, No. 95-C-3806, 1996 U.S. Dist. LEXIS 6415, at *7-*10, *17-*22 (N.D. Ill. 1996), *aff'd*, 187 F.3d 703, 708-09 (7th Cir. 1999).

## VENUE

3. Venue lies in the Northern District of Illinois, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. FEHBA charges OPM with the responsibility to establish and regulate federal health benefits plans for federal employees and their dependents. Pursuant to this statutory mandate, OPM entered a federal government contract with BCBSA to establish the Service Benefit Plan, which is one of the federal government's health benefits plans. *See* 1998 Statement of Benefits for the Service Benefit Plan at 2 (Exh. A); 1999 Statement of Benefits for the Service Benefit Plan at 2 (Exh. B); 2000 Statement of Benefits for the Service Benefit Plan at 2 (Exh. C); 2001 Statement of Benefits for the Service Benefit Plan at 4 (Exh. D); *see generally* 1996 contract between OPM and the Association and subsequent amendments (Exh. E). The Service Benefit Plan is underwritten by local Blue Cross and Blue Shield companies, which administer the Service Benefit Plan on behalf of BCBSA. HCSC is the local Blue Cross and Blue Shield company that administers the Service Benefit Plan in Illinois.

5. Upon information and belief, Defendant is a resident of Cook County, Illinois. At all times relevant to this action, Defendant has been enrolled in the Service Benefit Plan.

## FACTS

6. Upon information and belief, Defendant was involved in an automobile accident on May 9, 1998.

7. As a result of the accident, Defendant sustained physical injuries.

8. Defendant submitted claims to HCSC for the cost of his treatment as a result of the accident.

9. HCSC paid benefits of $4,682.20, the amount to which Defendant was entitled under the terms of the Service Benefit Plan.

10. Upon information and belief, in addition to filing a claim for benefits with HCSC, Defendant pursued a claim against the tortfeasor who caused the May 9, 1998 accident.

11. The Service Benefit Plan contains a subrogation and right-of-recovery provision. Pursuant to the Service Benefit Plan, when an enrollee receives a recovery from a third party in connection with an injury, and benefits have been paid with respect to that injury, the enrollee shall reimburse the Local administering Plan, in this case HCSC, for the amount of benefits paid. The subrogation and right-of-recovery provision provides:

> This subrogation and right of recovery provision applies when you or your dependent are sick or injured as a result of the act or omission of another person or party. The Plan has the right to recover payments the Plan has made to you or your dependent from a third party or third party's insurer because of illness or injury caused by a third party. In addition to its right of recovery, the Plan is subrogated to you and your dependent's present and future claims against a third party. Third party means another person or organization.

> If you or your covered dependent suffer an injury or illness through the act or omission of another, you and your dependent agree: 1) to reimburse the Plan for benefits paid by the Plan in an amount not to exceed the amount of the recovery; and 2) that the Plan be subrogated to your (or your dependent's) rights to the extent of the benefits paid, including the right to bring suit. All recoveries from a third party (whether by lawsuit, settlement, or otherwise) must be used to reimburse the Plan for benefits paid. The Plan's share of the recovery will not be reduced because you or your dependent do not receive the full amount of damages claimed, unless the Plan agrees in writing to a reduction.
>
> When you or your dependent make a claim against a third party or the third party's insurer as a result of an injury or illness for which that third party is legally responsible, the Plan shall have a lien on the proceeds of that claim in order to reimburse itself to the full amount of benefits it is called upon to pay. The Plan's lien will apply to any and all recoveries for such claim whether by court order or out-of-court settlement.
>
> If you or your dependent are injured because of a third party's action or omission: 1) the Plan will pay benefits for that injury subject to the conditions that you and your dependent a) do not take any action that would prejudice the Plan's ability to recover benefits, and b) will cooperate in doing what is reasonably necessary to assist the Plan in any recovery; 2) the Plan's right of reimbursement extends only to the amount of Plan benefits paid or to be paid because of the injury; and 3) the Plan may insist upon an assignment of the proceeds of the claim or right of action against the third party and may withhold payment of benefits otherwise due until the assignment is provided.
>
> You are required to notify the Plan promptly of any third party claim that you may have for damages for which the Plan has paid or may pay benefits. In addition, you are required to notify the Plan of any recovery, whether in or out of court, that you or your dependent obtain and to reimburse the Plan to the extent of benefits paid by the Plan. Any reduction of the Plan's claim for payment of attorney's fees or costs associated with the claim is subject to prior approval by the Plan.

1998 Statement of Benefits at 12; *accord* 1999 Statement of Benefits at 12; 2000 Statement of Benefits at 12; 2001 Statement of Benefits at 86.

  12. In March 2000, Defendant, through his attorney, Gerald Eisen, informed HCSC that he had obtained a recovery by settlement from the tortfeasor involved in the May 9, 1998 accident, in the amount of $30,000.

13. On April 6, 2000, HCSC sent a letter to Defendant's attorney indicating that it would agree to a reimbursement amount of $3,500 in immediate fulfillment of Defendant's lien obligation of $4,682.20 to HCSC. *See* Exh. F.

14. Defendant did not accept HCSC's proposal of $3,500 as a reimbursement amount.

15. On September 13, 2000, HCSC sent a letter to Defendant's attorney requesting payment of the full amount of the lien obligation, $4,682.20. *See* Exhs. G & H.

16. Defendant has refused to pay back to HCSC any of the $4,682.20 that he received in benefits.

17. The money that HCSC paid in benefits was the United States's money. It came from premium funds for the Service Benefit Plan that are held in an account in the United States Treasury. The United States contributes the majority of the funds held in the account, with enrollees in the Service Benefit Plan contributing the remainder. 5 U.S.C. §§ 8906, 8909; 5 C.F.R. § 890.501-.503; 48 C.F.R. § 1632.170(b).

18. Under the Association's contract with OPM, Plaintiffs are, with respect to subrogation and reimbursement, obligated to make "reasonable effort to seek recovery of amounts [they are] entitled to recover in cases which are brought to [their] attention." 1998 amendment to contract between OPM and the Association, § 4.1(e) (altering § 2.5) (Exh. E); *see also* 2001 amendment to contract between OPM and the Association, § 4.1(h) (altering § 2.5) (Exh. E).

19. On September 28, 2000, Defendant, along with two other individuals not covered under the Service Benefit Plan, filed an action against HCSC styled *Doyle, et al. v. Blue Cross Blue Shield of Illinois*, No. 00CH14182, in the Circuit Court of Cook County, Illinois. The case, brought

as a putative class action, avers that Illinois' common fund doctrine mandates an automatic reduction in the reimbursement amount that all participants in any of HCSC's plans must pay when they recover from third parties, in order to account for the attorney fees incurred by the participant to collect from the third party. HCSC removed that case to federal court, but this Court – on June 1, 2001 – remanded the case to state court, holding that the claims, as pled, did not arise under federal law and were not completely preempted by federal law. *See Doyle v. Blue Cross Blue Shield of Ill.*, 149 F. Supp. 2d 427 (N.D. Ill. 2001).

## COUNT I
(Breach of Obligations under FEHBA Plan)

20. Plaintiffs repeat and reallege paragraphs 1-19 as paragraph 20 of Count I, as if fully set forth herein.

21. Defendant's refusal to reimburse HCSC from his settlement proceeds for the amount of benefits paid by HCSC violates the express terms of the Service Benefit Plan. Under the provisions of the Service Benefit Plan, Defendant was obligated to reimburse HCSC for the full amount of benefits he received, once he recovered from the tortfeasor associated with the May 9, 1998 accident. Defendant has refused to pay back any amounts he received in benefits. Accordingly, Defendant has breached his obligations under the Service Benefit Plan, and Plaintiffs are entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendant to pay Plaintiffs the amount of $4,682.20 to reimburse for benefits paid to Defendant as a result of injuries associated with the May 9, 1998 accident;

B.  Enter judgment against Defendant in the amount of $4,682.20 to reimburse Plaintiffs for benefits paid for Defendant's injuries sustained in the accident; and

C.  Grant such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

BLUE CROSS BLUE SHIELD OF ILLINOIS, A Division of HEALTH CARE SERVICE CORPORATION A Mutual Legal Reserve Company, and BLUE CROSS AND BLUE SHIELD ASSOCIATION, Plaintiffs

By:  WEBBER & THIES, P.C., KIRKLAND & ELLIS, and MILLER & CHEVALIER

By: /s/ Helen E. Witt
One of their Attorneys

PREPARED BY:

JOHN E. THIES
LARA L. QUIVEY
WEBBER & THIES, P.C.
202 Lincoln Square
P.O. Box 189
Urbana, IL 61803
Telephone: (217) 367-1126
Facsimile: (217) 367-3752

ANTHONY F. SHELLEY
MILLER & CHEVALIER
Suite 900
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5701
Telephone: (202) 626-5924
Facsimile: (202) 628-0858

HELEN E. WITT
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

# See Case File for Exhibits

Civil Cover Sheet  http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.c



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet



This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

**Plaintiff(s):** BLUE CROSS AND BLUE SHIELD OF ILLINOIS, a division of HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company and BLUE CROSS AND BLUE SHIELD ASSOCIATION

**Defendant(s):** JOSE S. CRUZ



County of Residence: Cook County

County of Residence: Cook County

Plaintiff's Atty: John E. Thies
Webber & Thies, P.C.
202 Lincoln Square, P.O. Box 189, Urbana, IL 61803-0189
(217) 367-1126

Defendant's Atty:

01C 9821

JUDGE BUCKLO

MAGISTRATE JUDGE KEYS

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principle Parties** (Diversity Cases Only)
 Plaintiff:- N/A
 Defendant:- N/A

**IV. Origin :** 1. Original Proceeding

**V. Nature of Suit:** 110 Insurance

**VI. Cause of Action:** This action is founded on the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914, federal contracts and regulations established pursuant to FEHBA, and federal common law.

**VII. Requested in Complaint**
 Class Action: No
 Dollar Demand: $4,682.20
 Jury Demand: No

**VIII.** This case IS NOT a refiling of a previously dismissed case.

Signature: _____

Date: 12/19/01

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

# ATTACHMENT TO CIVIL COVER SHEET

## ADDITIONAL PLAINTIFFS' ATTORNEYS

Lara L. Quivey
WEBBER & THIES, P.C.
202 Lincoln Square
P.O. Box 189
Urbana, IL 61803
Telephone: (217) 367-1126

Anthony F. Shelley, Esq.
MILLER & CHEVALIER
Suite 900
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5701
Telephone: (202) 626-5924

Helen E. Witt
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of:

BLUE CROSS AND BLUE SHIELD OF ILLINOIS, a DIVISION OF HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company, and BLUE CROSS AND BLUE SHIELD ASSOCIATION, Plaintiffs

v.   Case Number: 01C 9821

JOSE S. CRUZ, Defendant

JUDGE BUCKLO
MAGISTRATE JUDGE KEYS

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

BLUECROSS BLUESHIELD OF ILLINOIS, Plaintiff

DOCKETED DEC 26 2001

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME John E. Thies | NAME Lara L. Quivey |
| FIRM Webber & Thies, P.C. | FIRM Webber & Thies, P.C. |
| STREET ADDRESS 202 Lincoln Square, P.O. Box 189 | STREET ADDRESS 202 Lincoln Square, P.O. Box 189 |
| CITY/STATE/ZIP Urbana, IL 61803-0189 | CITY/STATE/ZIP Urbana, IL 61803-0189 |
| TELEPHONE NUMBER (217) 367-1126 | TELEPHONE NUMBER (217) 367-1126 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) ARDC 06199338 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) ARDC 06237541 |
| MEMBER OF TRIAL BAR? YES ☐ NO X | MEMBER OF TRIAL BAR? YES ☐ NO X |
| TRIAL ATTORNEY? YES X NO ☐ | TRIAL ATTORNEY? YES X NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO X |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Anthony F. Shelley | NAME Helen E. Witt |
| FIRM MILLER & CHEVALIER, CHARTERED | FIRM KIRKLAND & ELLIS |
| STREET ADDRESS Suite 900, 655 Fifteenth Street, N.W. | STREET ADDRESS 200 East Randolph Drive |
| CITY/STATE/ZIP Washington, D.C. 20005-5701 | CITY/STATE/ZIP Chicago, Illinois 60601 |
| TELEPHONE NUMBER (202) 626-5924 | TELEPHONE NUMBER (312) 861-2000 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06183630 |
| MEMBER OF TRIAL BAR? YES ☐ NO X | MEMBER OF TRIAL BAR? YES X NO ☐ |
| TRIAL ATTORNEY? YES X NO ☐ | TRIAL ATTORNEY? YES X NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO X | DESIGNATED AS LOCAL COUNSEL? YES X NO ☐ |