Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9821 | **DATE** | 11/14/2003 |
| **CASE TITLE** | | BCBS vs. Cruz | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss Plaintiff's complaint is granted. Status hearing set for 11/25/03 is stricken. Any other pending dates are stricken. Any other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 17 2003 | |
| | Notified counsel by telephone. | | date docketed | 57 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

**NOV 1 7 2003**

BLUE CROSS AND BLUE SHIELD )
OF ILLINOIS, a division of HEALTH )
CARE SERVICE CORPORATION, )
A Mutual Legal Reserve Company; and )
BLUE CROSS AND BLUE SHIELD )
ASSOCIATION, )
)
            Plaintiffs, )   No. 01 C 9821
)
v. )
)
JOSE A. CRUZ, )
)
            Defendant. )
)

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Plaintiffs Blue Cross and Blue Shield of Illinois, a division of Health Care Service Corporation ("HCSC") and Blue Cross and Blue Shield Association ("BCBSA") filed a one-count complaint against Defendant Jose Cruz for breach of obligations under Cruz's Federal Employees Health Benefits Act plan. Defendant seeks to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim upon which relief can be granted. As discussed below, Defendant's motion is granted.

## BACKGROUND

On approximately May 9, 1998, Defendant Cruz was injured in an automobile accident. At the time, Defendant was enrolled in the Service Benefit Plan, one of the federal government's

1

57

health benefit plans for federal employees and their dependents. The Service Benefit Plan was created by a contract between the United States Office of Personnel Management ("OPM") and BCBSA pursuant to the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914. Pursuant to FEHBA, OPM has the authority to establish federal heath benefit plans and to contract with qualified carriers to execute such plans. *Id.* Plaintiff HCSC is the Blue Cross and Blue Shield entity that administers the Service Benefit Plan in Illinois. Under Plaintiff's contract with OPM, Plaintiff is required to seek reimbursement in appropriate cases where a beneficiary of the plan has recovered from a third party.

FEHBA requires that each contract OPM enters with a service carrier such as HCSC "contain a detailed statement of benefits offered" and "include such maximums, limitations, exclusions, and other definitions of benefits as [OPM] considers necessary or desirable." 5 U.S.C. §8902(d). FEHBA does not dictate the terms of the statement of benefits or address the issue of subrogation.

I. **The Service Benefit Plan**

The Statement of Benefits in the Service Benefit Plan contains a subrogation and right-of-recovery provision. That provision provides:

> This subrogation and right of recovery provision applies when you or your dependent are sick or injured as a result of the act or omission of another person or party. The Plan has the right to recover payments the Plan has made to you or your dependent from a third party or third party's insurer because of illness or injury caused by a third party. In addition to its right of recovery, the Plan is subrogated to you and your dependent's present and future claims against a third party. Third party means another person or organization.

The Plan requires beneficiaries to notify it of any third party recoveries and "to reimburse the

2

Plan to the extent of benefits paid by the Plan." It states that "[a]ll recoveries from a third party . . . must be used to reimburse the Plan for benefits paid." It informs the beneficiary that "the Plan shall have a lien on the proceeds of [a claim against a third party] in order to reimburse itself to the full amount of benefits it is called upon to pay." With respect to attorneys' fees, it provides: "Any reduction of the Plan's claim for payment of attorney's fees or costs associated with the claim is subject to prior approval by the Plan."

## II. Claim Reimbursement

Defendant submitted claims to HCSC for the cost of the treatment he received as a result of his May 1998 accident. In response, HCSC paid $4,682.20 in benefits provided to Defendant under the Service Benefit Plan.

In March 2000, Defendant informed HCSC that he had settled with the third party involved in the May 9, 1998, accident in the amount of $30,000. As set forth in the Service Benefit Plain, Plaintiffs had asserted a lien against any recoveries Defendant Cruz might obtain in connection with the accident. On April 6, 2000, HCSC sent a letter to Cruz through his attorney indicating that it would agree to a reimbursement amount of $3,500 in immediate fulfillment of Defendant's lien obligation. Plaintiff refused to apply the Illinois common fund doctrine or to credit the amount it sought in reimbursement for the attorneys' fees and out-of-pocket costs incurred by Defendant in obtaining recovery from the third party. On September 13, 2000, HCSC sent another letter to Cruz's attorney requesting payment of the full amount of the lien obligation, namely, $4,682.20.

## III. State Court Action

On October 10, 2000, Cruz and two other individuals filed a state court action against

HCSC in the Circuit Court of Cook County, Illinois. *Doyle, et al. v. Blue Cross Blue Shield of Illinois*, No. 00H14182 (the "State Court Action"). In the State Court Action, Cruz and the other plaintiffs sought recovery against HCSC under the Illinois "common fund" doctrine and under the Illinois Consumer Fraud and Deceptive Practices Act. On November 1, 2000, HCSC removed the action to federal court. Cruz subsequently filed a motion to remand the action to state court on the basis that the federal court lacked subject matter jurisdiction over the plaintiffs' claims. The federal court granted Cruz's motion and remanded the case to the state court. *See Doyle et al. v. Blue Cross Blue Shield of Illinois*, 149 F. Supp.2d 427 (N.D. Ill. 2001) (the "Remand Order").

HCSC and BCBSA subsequently filed this separate action against Defendant Cruz in federal court. Plaintiffs allege that Defendant has breached his obligation under the Service Benefit Plan because he has refused to reimburse HCSC from his settlement proceeds. Plaintiff alleges that Defendant has refused to pay back any amount he received in benefits.

## ANALYSIS

### I. Legal Standards

Defendant seeks to dismiss this case under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. A Rule 12(b)(1) motion to dismiss tests the federal jurisdiction of a complaint. *See* Fed.R.Civ.P. 12(b)(1). It is well settled that federal jurisdiction is limited to cases of "actual controversy." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S. Ct. 1055, 1069, 137 L. Ed. 2d 170 (1997). Plaintiffs bear the burden of proving the existence of subject matter jurisdiction. *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). In analyzing a Rule 12(b)(1) motion, the Court may

4

look beyond the pleadings. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999); *Int'l Harvester Co.*, 623 F.2d at 1210. The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Long*, 182 F.3d at 554; *Neiman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1190 (7th Cir. 1980).

The purpose of a motion to dismiss under Rule 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Triad Associates, Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court views "the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (citations omitted). Dismissal is appropriate only where it appears beyond doubt that under no set of facts would plaintiff's allegations entitle him to relief. *See Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999).

## II. Federal Jurisdiction

Cruz first challenges the Court's subject matter jurisdiction over this action. "It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28

U.S.C. § 1331. Under the well-pleaded complaint doctrine, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55 (1987) (citations omitted). Therefore, the plaintiff is "master of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99, 107 S. Ct. 2425, 2433, 96 L. Ed. 2d 318 (1987).

### III. The Remand Order

Defendant argues that the filing of this case amounts to an "improper review" of the Remand Order. He essentially contends that Plaintiffs' suit constitutes an appeal of the Remand Order which is prohibited under 28 U.S.C. § 1447(d).

Defendant Cruz's state court complaint rested on the Illinois common fund doctrine. Illinois' common fund doctrine "permits a party who creates, preserves, or increases the value of a fund in which others have an ownership interest to be reimbursed from that fund for litigation expenses incurred, including counsel fees." *Scholtens v. Schneider*, 173 Ill.2d 375, 385, 219 Ill. Dec. 490, 671 N.E.2d 657, 662 (1996) (citing *Brundidge v. Glendale Federal Bank, F.S.B.*, 168 Ill.2d 235, 213 Ill. Dec. 563, 659 N.E.2d 909 (1995)). In state court, Cruz seeks to have attorneys' fees excluded from any subrogation recovery by Plaintiffs.

In order to determine if remand of the state court action was appropriate, the district court applied the well-pleaded complaint rule which required it to look at the face of Cruz's state court complaint to determine if federal jurisdiction existed. Indeed, "federal jurisdiction depends upon the claim, not upon defenses, even [] preemption defenses." 324 F.3d 544, 549 (7th Cir. 2003). In the Remand Order, the district court concluded neither complete preemption nor federal common law applied to Cruz's complaint alleging that the Service Benefit Plan violated the

6

Illinois common fund doctrine. *Doyle*, 149 F.Supp.2d at 433-435. The district court noted that BCBS "will still be able to raise ordinary preemption as a defense to plaintiff's claims in state court." *Id.* at 434.

The Remand Order does not control this case. Plaintiffs filed a separate action now before this Court. Although Cruz contends that Plaintiffs' action for reimbursement is really one to litigate the application of the Illinois common fund doctrine, the face of the complaint seeks liability against Cruz under federal common law for failure to reimburse Plaintiffs under the Service Benefit Plan for amounts he recovered from a third-party tortfeasor. Plaintiff's action is not limited to the Illinois common fund doctrine. It is uncontested that Cruz has not paid any amount of reimbursement to Plaintiffs. As the Seventh Circuit has articulated, "the [Remand] [O]rder doesn't conclude the issue whether the district court has jurisdiction over [Plaintiffs'] new and materially identical suit." *Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703, 708-09 (7th Cir. 1999). If Cruz wants to assert the Illinois common fund doctrine as a partial defense to this action, he is free to do so but that defense will not dictate whether federal jurisdiction exists. *See Adkins v. Illinois Cent. R. Co.*, 326 F.3d 828, 836 (7th Cir. 2003) (jurisdiction determined by well-pleaded complaint rule). Accordingly, the Remand Order does not preclude this Court's jurisdiction.

## IV. FEHBA

Although the complaint alleges that FEHBA provides a basis for jurisdiction in this case, Plaintiffs conceded at oral argument that it does not. FEHBA provides that "the district courts of the United States have original jurisdiction . . . of a civil action or claim against the United States founded on this chapter." 5 U.S.C. § 8912. Thus, FEHBA only creates a cause of action if the

United States is a party. FEHBA does not provide for a private cause of action. *Id. See, e.g., Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 312-13 (3rd Cir. 1994) ("FEHBA does not create a cause of action vindicating a beneficiary's interest."); *Empire HealthChoice Assur. v. McVeigh ex rel. Estate of McVeigh*, No. 03 C 2728, 2003 WL 22171693 at *3 (S.D.N.Y. Sept. 18, 2003) ("The FEHBA does not purport to create a private cause of action under federal law"); *Ramirez v. Humana, Inc.*, 119 F.Supp.2d 1307, 1312 (M.D. Fla. 2000) (same). Given that the United States is not a party to this dispute, Plaintiffs cannot find jurisdiction in FEHBA.

## V. Federal Common Law

Plaintiffs argue that federal common law provides a remedy in this case. It is clear that "[t]here is no federal general common law." *Moriarty v. Svec*, 164 F.3d 323, 328 (7th Cir. 1998) citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). The Supreme Court has acknowledged, however, that a "few areas, involving uniquely federal interests, are so committed by the Constitution and laws of the United States to federal control that state law is pre-empted and replaced, where necessary, by federal law of a content prescribed (absent explicit statutory directive) by the courts — so-called 'federal common law.'" *Boyle v. United Techs. Corp.*, 487 U.S. 500, 504, 108 S. Ct. 2510, 2514, 101 L. Ed. 2d 442 (1988) (internal quotation and citation omitted). In order to determine if federal common law applies, a "uniquely federal interest" must be at issue, and a "significant conflict" must exist "between an identifiable federal policy or interest and the application of state law to the dispute or the application of state law would frustrate specific objectives of federal legislation." *Id.*, 487 U.S. at 507, 108 S. Ct. at 2515. *See also Northrop Corp. v. AIL Systems, Inc.*, 959 F.2d 1424, 1427 (7th

8

Cir. 1992). As the Seventh Circuit has articulated, federal common law applies to "essentially two categories: 'those in which a federal rule of decision is necessary to protect uniquely federal interests and those in which Congress has given the courts the power to develop substantive law.'" *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1320 (7th Cir. 1997) (quoting *Texas Indus. v. Radcliff Materials, Inc.*, 451 U.S. 630, 640, 101 S. Ct. 2061, 2066, 68 L. Ed. 2d 500 (1981)). *See also Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). Plaintiff is not advocating that Congress gave federal courts the power to develop substantive law in this area, thus the Court must determine if federal common law is necessary to protect a unique federal interest.

### A. Unique federal interest

Plaintiffs contend that the FEHBA program is an area of uniquely federal concern because it involves the United States Treasury. Plaintiffs argue that the reimbursement money they seek from Defendant Cruz belongs, at least in part, to the United States Treasury because the United States subsidizes its employees' health benefits. Numerous courts have rejected the argument that such a possible impact on the federal treasury alone is sufficient to create a unique federal interest. *See Howard v. Group Hosp. Service*, 739 F.2d 1508, 1511 (10th Cir. 1984) ("State court awards of monetary judgments in FEP benefits actions do not have a sufficiently direct effect on the federal treasury to necessitate federal jurisdiction."); *Lambert v. Mail Handlers Benefit Plan*, 886 F.Supp. 830, 837 (M.D. Ala. 1995) ("Although it is true that the federal treasury pays a large percentage of the bills for the plan at issue, this alone does not suffice."); *Illinois Psychiatric Hosp. Co., Inc. v. Health Care Service Corp.*, No. 92 C 2880, 1992 WL 166823 at *2 (N.D. Ill. July 9, 1992) ("Any potential effect state court monetary judgments

in FEHBA benefits actions may have on the federal treasury is not sufficiently direct to necessitate federal jurisdiction."). The Court agrees.

### B. Uniformity

Plaintiffs further argue that federal common law is appropriate here to effectuate Congress's statutory design, namely, cost containment and the uniform application of FEHBA benefits. FEHBA, however, does not expressly provide for a cause of action in this case. If Congress wanted to advance these interests, it could have done so by specifically providing for a private cause of action where such interests are threatened. *See, e.g., Am. Paper Inst., Inc. v. U.S. Envtl. Prot. Agency*, 890 F.2d 869, 877 (7th Cir. 1989) ("Congress could easily have provided jurisdiction for all types of restrictions on point sources by providing a general jurisdiction provision in the Act.").

Furthermore, Plaintiff's uniformity argument is undermined by the express language of the Statement of Benefits that HCSC distributes to participants of the Service Benefit Plan. That document expressly allows for payment of attorneys' fees or costs associated with a claim if the Plan gives prior approval of such payment. This is not a term dictated by FEHBA. Given that a carrier can make that determination on a case-by-case basis and that FEHBA does not provide any specific guidelines for the payment of attorneys' fees in connection with third-party recoveries, uniformity is certainly not advanced by the imposition of federal common law.

### C. Preemption

Plaintiffs also assert that FEHBA's preemption provision mandates a federal common law remedy in this case. FEHBA's preemption provision states:

> The terms of any contract under this chapter which relate to the

10

> nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

5 U.S.C. § 8902(m)(1). The express language of this statute limits preemption to "coverage or benefits." It does not cover reimbursement based on a beneficiary's recovery from a third party tortfeasor. It similarly does not pertain to the Illinois common fund doctrine. Furthermore, as the Seventh Circuit stated in *Blackburn v. Sundstrand Corp.*, 115 F.3d 93, 495 (7th Cir. 1997), "[m]ost applications [of the common fund doctrine] have nothing to do with health insurance in general."

Plaintiffs' reliance on the Seventh Circuit's recent decision in *Administrative Committee of the Wal-Mart Stores, Inc. Associates Health & Welfare Plan v. Varco*, 338 F.3d 680 (7th Cir. 2003), is misplaced. *Varco* involved an ERISA plan that specifically provided that it "does not pay for nor is [it] responsible for the participant's attorney's fees. Attorney's fees are to be paid solely by the participant." *Id.* at 689. The Seventh Circuit held that the Illinois common fund doctrine expressly conflicted with these terms of the ERISA plan and thus it was preempted by ERISA's conflict preemption provision. *Id.* ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Congress's broad intent to preempt is clear from the face of ERISA's preemption provision. In contrast, FEHBA's preemption provision is much more narrow.

Plaintiffs argue that the reasoning in *Caudill v. Blue Cross and Blue Shield of North Carolina*, 999 F.2d 74 (4th Cir. 1993), strengthens their preemption argument. In *Caudill*, the Fourth Circuit found that federal jurisdiction existed over a claim under FEHBA regarding the

extent of benefits coverage for a breast cancer patient, and thus the defendants had properly removed it. The *Caudill* court held that federal jurisdiction existed under *Boyle* because a uniquely federal interest existed – "imposition of state law liability here would seriously damage not only the government's ability to enter into contracts with health insurers, but also would affect the price paid for such contracts." 999 F.2d at 78. The Court further noted that FEHBA's preemption provision buttressed the *Boyle* analysis because it supported Congress's intent for uniformity in this area. Plaintiffs argue that this reasoning supports federal jurisdiction in this case. This Court declines to extend the Fourth Circuit's reasoning to this case involving reimbursement. *See also Doyle*, 149 F.Supp.2d at 436 (declining to apply *Caudill* in the removal context).

### D. Harris

Plaintiff also argues that the Seventh Circuit held in *Harris v. Mutual of Omaha Cos.*, 992 F.2d 706, 711 (7th Cir. 1993), that courts should apply federal common law to claims pertaining to FEHBA health plans. In *Harris*, the Seventh Circuit stated, in a footnote, "[w]e see no reason to disagree with our colleagues in the Eleventh Circuit that federal law applies" to the "interpretation of government health insurance contracts." *Harris*, 992 F.2d at 711 (citing *Tackitt v. Prudential Ins. Co. of Am.*, 758 F.2d 1572, 1575 (11th Cir. 1985) (quotations omitted)). *Harris*, unlike this case, involved the issue of whether the plaintiff's government health insurance contract provided for the coverage of certain medical procedures recommended by one of her physicians. Similarly, the *Tackitt* court, upon which the Seventh Circuit relied, held that federal law applied in a case involving the interpretation of "benefit" under a health insurance contract. The application of federal common law to the interpretation of what *benefits* are

covered under federal health insurance is consistent with FEHBA's preemption provision. The Court does not read these cases to mandate the application of federal common law to reimbursement disputes among private parties.

Furthermore, the parties do not dispute the interpretation of any contract terms. Instead, Plaintiffs claim they are entitled to reimbursement under the terms set forth in the Statement of Benefits. Defendant Cruz does not dispute the reimbursement provision, but rather contends that the Illinois common fund doctrine applies and precludes full reimbursement. Thus, even under a broad reading of *Harris*, federal common law would not apply because the parties are not asking the Court to interpret the Statement of Benefits.

## CONCLUSION

Defendant's motion to dismiss is granted.

Dated: November 14, 2003           ENTERED:

                                   _____
                                   AMY J. ST. EVE
                                   United States District Court Judge