IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF ILLINOIS, a division of HEALTH CARE SERVICE CORPORATION, A Mutual Legal Reserve Company; and BLUE CROSS BLUE SHIELD ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> JULIA CRUZ, as Special Administrator for JOSE S. CRUZ, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 01-C-9821 <br><br> Judge St. Eve |

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING DISPOSITION OF DEFENDANT'S PETITION FOR WRIT OF CERTIORARI

Plaintiffs Blue Cross and Blue Shield of Illinois, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company ("HCSC") and Blue Cross and Blue Shield Association ("BCBSA") respectfully submit this memorandum in opposition to Defendant's Motion to Stay Proceedings Pending Disposition of Defendant's Petition for Writ of Certiorari.

### BACKGROUND AND SUMMARY

On January 24, 2005, the Seventh Circuit ruled that federal common law governs reimbursement suits brought by carriers administering health benefits plans pursuant to the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914. *Blue Cross & Blue Shield of Ill. v. Cruz*, 396 F.3d 793 (7th Cir. 2005). On that basis, the Seventh Circuit reversed this Court's holding that it lacked federal question jurisdiction over Plaintiffs' complaint and "REMAND[ED] for further proceedings consistent with [its] opinion." *Id.* at 801.

Just after the Seventh Circuit's ruling, Defendant Julia Cruz filed a motion with the Seventh

Circuit to stay issuance of the Seventh Circuit's mandate while she petitioned the Supreme Court

for a writ of certiorari.  *See* Defendant-Appellee's Mot. to Stay Mandate and Opp. to Plaintiffs-

Appellants' Mot. to Stay Mandate (Exh. A).  Plaintiffs opposed Cruz's stay motion, and the

Seventh Circuit denied Cruz's motion.  *See* Appellants' Opp. to Appellee's Mot. to Stay the

Mandate (Exh. B); Seventh Circuit Order in Appeal No. 03-4170 (May 5, 2005) (Exh. C).

Cruz then filed a petition for writ of certiorari.  *See Cruz v. Blue Cross & Blue Shield of

Ill.*, No. 04-1467 (U.S.) (filed June 6, 2005).  She did not seek a stay of the Seventh Circuit's

mandate from the Supreme Court.  Subsequently, the Supreme Court invited the United States

Solicitor General to file a brief stating his views on Cruz's petition and on a separate petition

seeking certiorari with respect to the Second Circuit's decision in *Empire HealthChoice

Assurance, Inc. v. McVeigh*, 396 F.3d 136 (2d Cir. 2005).  *See* 126 S. Ct. 414 (2005).  *Empire*

had reach a conclusion opposite to the Seventh Circuit in *Cruz*.  That is, the Second Circuit held

that there is no federal question jurisdiction over reimbursement disputes involving FEHBA

plans.  In his brief, the Solicitor General stated that he believed the Seventh Circuit decision was

correct, that the Second Circuit's decision was wrong, and that the Court should grant certiorari

to review the Second Circuit's decision.  *See* Br. of Solicitor General at 15-20 (Exh. D).  On

January 6, 2006, the Supreme Court granted certiorari in *Empire*.  *See* 2006 U.S. LEXIS 4 (Jan.

6, 2006) (Exh. E).  The Supreme Court did not grant Cruz's certiorari petition and has taken no

action on her petition as of this date.

Cruz now raises in this Court anew her motion to stay the case pending disposition of her

certiorari petition.  The Court should deny Cruz's motion for at least four reasons, any one of

which alone requires denial of the motion:  (1) the Court has no jurisdiction to grant the motion;

(2) granting the motion would violate the rule that this Court must adhere to the Seventh

Circuit's mandate; (3) Cruz has failed to satisfy the standards for issuance of a stay pending

disposition of a writ for certiorari; and (4) there are no substantial reasons for the Court to

exercise its discretion to stay the case.

## ARGUMENT

I.   **THIS COURT LACKS JURISDICTION TO ENTER A STAY PENDING DISPOSTION OF CRUZ'S PETITION FOR WRIT OF CERTIORARI.**

This Court lacks jurisdiction to enter the stay that Cruz requests.  The procedure for

seeking a stay pending disposition of a writ of certiorari is set by statute.  The relevant provision

states:

> In any case in which the final judgment or decree of any court is
> subject to review by the Supreme Court on writ of certiorari, the
> execution and enforcement of such judgment or decree may be
> stayed for a reasonable time to enable the aggrieved party to obtain
> a writ of certiorari from the Supreme Court.  *The stay may be
> granted by a judge of the court rendering the judgment or decree
> or by a justice of the Supreme Court*, and may be conditioned on
> the giving of security, approved by such judge or justice, that if the
> aggrieved party fails to make application for such writ within the
> period allotted therefore, or fails to obtain an order granting his
> application, or fails to make his plea good in the Supreme Court,
> he shall answer for all damages and costs which the other party
> may sustain by reason of the stay.

28 U.S.C. § 2101(f) (emphasis added).  Thus, a stay may be granted by a court of appeals (where

review of a decision of the court of appeals is sought) or by the Supreme Court.  Consistent with

that statutory direction, the Federal Rules of Appellate Procedure provide further detail about

seeking a stay from a court of appeals pending disposition of a certiorari petition, *see* FRAP

41(d)(2), and the Supreme Court's rules likewise outline procedures to be followed there to

obtain a stay.  *See* S. Ct. Rule 23.  There is no reference in § 2101 or in the Federal Rules of

Civil Procedure to any authority of a district court to enter a stay pending the outcome of a certiorari petition.

In light of § 2101, "a district court does not have jurisdiction to stay a judgment rendered by the Court of Appeals." *Mister v. Ill. C. Gulf R.R. Co.*, 680 F. Supp. 297, 298 (S.D. Ill. 1988). "By its plain language, § 2101(f) confers authority only on the . . . Circuit or a justice of the Supreme Court to stay execution or enforcement of a . . . Circuit judgment while awaiting the outcome of a *certiorari* petition." *United States v. Lentz*, 352 F. Supp. 2d 718, 726-27 (E.D. Va. 2005).  As the Eighth Circuit has put it in reviewing a district court's grant of a stay pending the disposition of a certiorari petition:  "We are not persuaded that Section 2101(f) grants the District Court this authority . . . . [O]nly a judge of this Court, or a justice of the Supreme Court, is empowered by 28 U.S.C. Section 2010(f) to stay the execution or enforcement of this Court's judgment." *In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982).

On this basis, the Court must deny Cruz's stay request, for lack of jurisdiction.  Cruz here effectively seeks a stay of the Seventh Circuit's mandate that this Court exercise federal jurisdiction and proceed consistent with the Seventh Circuit's opinion, in order to await the disposition of her previously filed certiorari petition.  Under the straightforward terms of § 2101, only the Seventh Circuit can do that (and, indeed, has already refused to do so), or the Supreme Court may enter a stay.

"Nor as a prudential matter would it be appropriate for [this Court] to exercise jurisdiction to issue such a stay." *Lentz*, 352 F. Supp. 2d at 726.  In order to obtain a stay pending a petition for writ of certiorari, Cruz must demonstrate – under the standards applicable in this Circuit – both that four Justices of the Supreme Court will vote to grant certiorari as well as a reasonable probability that five Justices will vote to reverse the judgment of the circuit court.

*United States ex rel. Chandler v. Cook County, Ill.*, 282 F.3d 448, 450 (7th Cir. 2002); *see also Books v. City of Elkhart*, 239 F.3d 826 (7th Cir. 2001); Cruz's Mot. ¶ 9. "It is simply 'not an appropriate function for this court to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court'" and ultimately reversed; "rather, that function is properly performed by the court of appeals or the Supreme Court, as contemplated by § 2101(f)." *Lentz*, 352 F. Supp. at 726 (quoting *Studiengesellschaft Kohle, mb H v. Novamont Corp.*, 578 F. Supp. 78, 79-80 (S.D.N.Y. 1983)).  Furthermore, district courts have held that they are "'not in a proper position'" to determine the prospects for a grant of certiorari and a reversal "'particularly where, as here, the judgment sought to be reviewed modified [the district court's] initial determination.'" *Mister*, 680 F. Supp. at 298 (quoting *Studiengesellschaft*, 578 F. Supp. at 80).

The only case cited by Cruz that comes close to addressing the specific issue of a stay pending disposition of a petition for certiorari is *Peaceable Planet, Inc. v. Ty, Inc.*, 2004 U.S. Dist. LEXIS 13006, *5 (N.D. Ill. July 13, 2004) (Exh. F).  There, the district court did not even mention § 2101.  The Court should not follow that precedent, when "the great weight of recent, reasoned authority has concluded that § 2101(f) does not permit a district court to exercise jurisdiction to stay a circuit court's final judgment pending filing or resolution of a certiorari petition." *Lentz*, 352 F. Supp. 2d at 726 (collecting cases, including *In re Stumes*, 681 F.2d at 525; *Brinkman v. Dep't of Corrections*, 857 F. Supp. 775, 777 (D. Kan. 1994); *Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347 (E.D. Mo. 1990); *Mister*, 680 F. Supp. at 298; *Hovater v. Equifax Servs., Inc.*, 669 F. Supp. 392, 393 (N.D. Ala. 1987); *Deretich v. St. Francis*, 650 F. Supp. 645, 647 (D. Minn. 1986); *Studiengesellschaft*, 578 F. Supp. at 79-80 (S.D.N.Y. 1983); *Kozman v. Trans World Airlines, Inc.*, 145 F. Supp. 140 (S.D.N.Y. 1956)).

II.      **ENTRY OF A STAY WOULD VIOLATE THE MANDATE RULE.**

Even if this Court found it had jurisdiction, it lacks – under the mandate rule – "authority

to issue a stay or a continuance pending resolution of [Cruz's] certiorari petition where, as here,

[Cruz] already sought and failed to obtain a stay of the circuit court's mandate when the case was

on appeal." *Lentz*, 352 F. Supp. 2d at 726.  The mandate rule "requires a lower court to adhere"

both to the "'spirit as well as the letter'" of the "commands of a higher court on remand." *United*

*States v. Polland*, 56 F.3d 776, 777 (7th Cir. 1995) (quoting *In re Continental Ill. Securities*

*Litig.*, 985 F.2d 867, 869 (7th Cir. 1993)).

It is "clear that a stay of this case would violate the 'mandate rule,' as it would

contravene the spirit of the [Seventh] Circuit's mandate in this case." *Lentz*, 352 F. Supp. 2d at

727.  The Seventh Circuit ordered that this Court proceed with this action consistent with the

appellate opinion, which held that this Court has jurisdiction.  When Cruz sought a stay from the

Seventh Circuit, the Seventh Circuit expressly rejected Cruz's request.  "[F]or this Court to grant

the stay requested would permit [Cruz] to obtain in the district court that which the [Seventh]

Circuit explicitly refused." *Id*.  Cruz nowhere mentions in her current motion that she, in effect,

sought and failed to obtain from the Seventh Circuit the very relief she now seeks from this

Court.  But that event is dispositive.

The Supreme Court's grant of certiorari in *Empire* does not somehow constitute a

development that permits the Court to stray from the Seventh Circuit's earlier ruling denying a

stay.  It is true that this Court may reconsider issues decided by the Seventh Circuit when there

are "subsequent factual discoveries or changes in the law." *Barrow v. Falck*, 11 F.3d 729, 731

(7th Cir. 1993).  But nothing about the Supreme Court's grant of certiorari in *Empire* suggests

that the Seventh Circuit would now find that a stay is warranted.  In our opposition to Cruz's stay

motion in the Seventh Circuit, we did not dispute that a grant of certiorari in this case or *Empire* was a distinct possibility, in light of the conflict between the two circuits.  What we did contest is that five Justices would ever vote to reverse the Seventh Circuit's decision, a prerequisite for a stay of these proceedings (*see supra* pp. 4-5).  The Supreme Court's grant of review in *Empire* does not provide any greater indication than before that five Justices would vote to overturn the Seventh Circuit ruling.  In fact, it suggests the opposite.  The Supreme Court granted certiorari in *Empire*, not this case, and it did so only after the Solicitor General asserted that the Second Circuit erred and the Seventh Circuit acted correctly.  The simple grant of certiorari in *Empire* does not upset the Seventh Circuit's denial of a stay of the mandate in this case, a denial that necessarily included a finding that five Justices would not vote to reverse the Seventh Circuit's determination.

### III.   CRUZ'S MOTION TO STAY DOES NOT MEET THE REQUIREMENTS FOR A STAY PENDING DISPOSITION OF A CERTIORARI PETITION.

Even if Cruz could overcome the jurisdictional hurdle and the mandate rule, her motion should still be denied because she cannot satisfy the two requirements necessary for entry of a stay pending disposition of a petition for certiorari.  Those requirements, again, are that four Justices will vote to grant certiorari and that five Justices are reasonably likely to vote to reverse. On the first element, because the Supreme Court granted the petition in the *Empire* case, it is unlikely it will also grant Cruz's petition.  At this juncture, it appears that the Supreme Court would only grant Cruz's petition in the event that it affirms *Empire* (*i.e.*, holds that the federal courts lack federal question jurisdiction in FEHBA reimbursement disputes); in that instance, the Supreme Court would likely grant Cruz's petition in order for the Seventh Circuit to reconsider its decision in light of Supreme Court's *Empire* ruling.  Hence, whether the Supreme Court will grant certiorari seems to turn on the prospect that a majority of the Justices will favor the Second

Circuit's viewpoint over the Seventh Circuit's.  The first inquiry under the stay standard consequently collapses into the second – namely, whether it is reasonably likely that five Justices would vote to reverse the Seventh Circuit (and affirm *Empire*).

That is not a reasonably likely scenario.  As already noted, the Solicitor General takes the position that *Empire* was wrongly decided and that the Seventh Circuit correctly determined that federal courts have jurisdiction.  Moreover, the *Empire* decision was aberrational, with the relevant prior appellate decisions being in line with the Seventh Circuit's holding that state law is preempted and that federal common law governs disputes under FEHBA.  *E.g. Caudill v. Blue Cross & Blue Shield of N.C., Inc.*, 999 F.3d 74, 77-79 (4th Cir. 1993); *Medcenters Health Care v. Ochs*, 26 F.3d 865 (8th Cir. 1994).  While Cruz argues that the Supreme Court rejected federal jurisdiction over reimbursement disputes in the ERISA context in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), and thereby supposedly can be expected to rule similarly in the FEHBA context, the Seventh Circuit has not read *Great-West* so broadly.  It has ruled that, consistent with *Great-West*, federal jurisdiction does exist under ERISA where a constructive trust can be imposed on funds held by a defendant.  *E.g. Admin. Comm. of the Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan v. Varco*, 338 F.3d 680, 687-89, 691 (7th Cir. 2003).  And the Seventh Circuit expressly referenced its *Wal-Mart* decision in its opinion in this case, noting that the ERISA rule supported jurisdiction over FEHBA reimbursement claims.  *Cruz*, 396 F.3d at 799.  Accordingly, *Great-West* provides no grounds for anticipating a reversal of the Seventh Circuit's FEHBA ruling.

## IV.    THIS COURT CANNOT AND SHOULD NOT EXERCISE ITS DISCRETION TO ENTER A STAY.

Cruz should not be allowed to end-run the requirements of § 2101(f) by asking the Court to enter a stay as part of its inherent powers to manage its own docket.  As a preliminary matter,

it is not clear this inherent power overrides the very specific statutory directive that only a court

of appeals or the Supreme Court retains authority to stay the final judgment of a circuit court.  In

any event, even if the Court retained such authority, it may only be invoked "to the extent that its

exercise is consistent with the letter and spirit of [the] circuit court's mandate." *Lentz*, 352 F.

Supp. 2d at 728.  Here, a discretionary stay is "plainly unwarranted in light of the [Seventh]

Circuit's denial of [Cruz's] application for a stay," for it cannot be a proper exercise of a district

court's discretion to award what the circuit court has previously denied.  *Id*.

Most important, the Court must deny even a discretionary stay because a delay in these

proceedings would prejudice Plaintiffs.  As the Court is aware, there are competing proceedings

in the state court involving these same parties, proceedings to which the Seventh Circuit in *Cruz*

said that this Court should *not* abstain.  *See Cruz*, 396 F.3d at 800-01.  If the Court now stays

these federal proceedings pending disposition of *Empire* or Cruz's certiorari petition, then the

federal proceedings could be on hold for six or more months (since the Supreme Court cannot be

expected to rule in *Empire* until about June 2006).  In the meantime, Cruz has not agreed to a

stay of the state court proceedings.  As a result, the state court case, to which, again, the Seventh

Circuit said that this Court should not defer, would gain an advantage in the race to judgment

with this Court.  The Court should not exercise its discretion to give Cruz that unfair procedural

advantage.

Cruz incorrectly asserts that Plaintiffs' earlier request that the Seventh Circuit stay its

mandate pending disposition of Plaintiffs' own motion in the Seventh Circuit to enjoin the state

court proceedings "shows that [Plaintiffs] did not consider staying this case as prejudicial to its

interests."  Cruz's Mot. ¶ 12.  That was a limited stay that Plaintiffs requested so that their

motion addressed to the Seventh Circuit would not be mooted by the return of the case to this

Court.  The Seventh Circuit implicitly granted that limited stay, because it did not issue its

mandate until after disposing of Plaintiffs' motion.  In any event, Plaintiffs' request for a limited

stay in no way suggests that they then or now believed an indefinite stay of these proceedings is

appropriate while the state case continues to proceed.

<u>**CONCLUSION**</u>

Cruz's Motion to Stay Proceedings Pending Disposition of Defendant's Petition for Writ

of Certiorari should be denied.

Respectfully submitted,

<u>s/ John E. Thies</u>
John E. Thies (06199338)
Attorney for Defendant
WEBBER & THIES, P.C.
202 Lincoln Square
P.O. Box 189
Urbana, IL 61803
Telephone: (217) 367-1126
Facsimile: (217) 367-3752
E-mail: jthies@webberthies.com

| | | |
|---|---|---|
| Helen E. Witt | John E. Thies | Anthony F. Shelley |
| KIRKLAND & ELLIS LLP | WEBBER & THIES, P.C. | MILLER & CHEVALIER |
| 200 East Randolph Drive | 202 Lincoln Square | CHARTERED |
| Chicago, Illinois  60601 | Urbana, Illinois  61801 | 655 Fifteenth Street, NW |
| (312) 861-2000 | (217) 367-1126 | Suite 900 |
| | | Washington, D.C.  20005 |
| | | (202) 626-5924 |

*Attorneys for the Plaintiffs*

No. 01-9821

## PROOF OF SERVICE

I, John E. Thies, hereby certify that on January 25, 2006 I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING DISPOSITION OF DEFENDANT'S PETITION FOR WRIT OF CERTOIRARI** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Clinton A. Krislov

Michael R. Karnuth

s/ John E. Thies
John E. Thies (06199338)
Attorney for Defendant
WEBBER & THIES, P.C.
202 Lincoln Square
P.O. Box 189
Urbana, IL 61803
Telephone: (217) 367-1126
Facsimile: (217) 367-3752
E-mail: jthies@webberthies.com